UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

KYLE B. BOBLEY,                                                    Docket No.:

                                       Plaintiff,          **PETITION FOR
                                                           <u>REMOVAL</u>**

        -against-

QUELVIS ORLANDO SALAS-SANCHEZ and E-J-D-N
TRUCKING LLC,

                                       Defendants.
--------------------------------------------------------------------------X

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK**

1.      On February 2, 2022, a Summons and Complaint was filed in the Supreme Court

of the State of New York, County of Suffolk, and subsequently, an Amended Complaint on April

14, 2022. The Summons and Complaint and Amended Complaint were served upon defendants at

their corporate office. The index number is 602310/2022.

2.      The above-described action is a civil action for which the court has jurisdiction

under 28 U.S.C. 1332(a)(1) and is one which may be removed to this court by the

petitioner/defendants herein pursuant to the provision of 28 U.S.C. § 1441(a).

3.      Plaintiff alleges in his complaint to be a resident of the State of New York, County

of Suffolk. A copy of the Summons and Complaint and Amended Summons and Complaint is

annexed hereto as **Exhibit A**.

4.      The court's jurisdiction is based upon diversity of citizenship as provided in 28

U.S.C. § 1332(a)(1) in that the plaintiff and defendants are citizens of different states.

5.     QUELVIS ORLANDO SALAS-SANCHEZ is a resident of the State of New Jersey, County of Union and was so at the time of the subject accident. See Amended Answer annexed as **Exhibit B.**

6.     E-J-D-N TRUCKING LLC is a New Jersey limited liability company that has its principal place of business located at 6052 Tyler Place, Apt. 16, West New York, NJ 07093.

7.     The principal of E-J-D-N TRUCKING LLC is Wilkyn Almonte Camacho, a resident of New Jersey, County of Hudson who resides at the same address as the corporate entity.

8.     Upon information and belief, the amount in controversy exceeds $75,000 in that plaintiff sustained injuries in the accident for which he is claiming physical, psychological and economic damages. See **Exhibit A**.

9.     Petitioner/defendants will pay all costs and disbursements incurred by reason of the removal proceedings hereby brought should it be determined that this action is not removable or is improperly removed.

10.    Venue in the Eastern District of New York is proper pursuant to 28 U.S.C. § 112 and 28 § U.S.C. 1391(a).

WHEREFORE, petitioner prays that the above action now pending against it in the Supreme Court of the United States, County of Suffolk, be removed therefrom to the United States District Court for the Eastern District of New York in accordance with U.S.C. § 1441(a) and § 1446.

Dated: Mineola, New York
       July 5, 2022

By: _____
    ALEXYS M. CARTER, ESQ.
    BONGIORNO, MONTIGLIO, MITCHELL &
    PALMIERI, PLLC
    Attorneys for Defendants

QUELVIS ORLANDO SALAS-SANCHEZ and
E-J-D-N TRUCKING LLC
200 Old Country Road, Suite 680
Mineola, New York 11501
(516) 620-4490
Our File No.:  SEDNSF 031922 AJB

TO:    BRAND, GLICK & BRAND, P.C.
       Attorneys for Plaintiff
       600 Old Country Road, Suite 440
       Garden City, New York 11530
       (516) 746-3500
       File No:  11660

# EXHIBIT "A"

Case 2:22-cv-03976-MKB-ARL   Document 3   Filed 07/07/22   Page 5 of 24 PageID #: 67

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-----------------------------------------------------------------------X

KYLE B. BOBLEY

        Plaintiff,

     -against-

QUELVIS ORLANDO SALAS-SANCHEZ and
E - J - D - N TRUCKING LLC
        Defendants.

-----------------------------------------------------------------------X

Index No.: 602310/2022
Date Purchased:02/07/2022

## SUPPLEMENTATL SUMMONS

Plaintiff designates
SUFFOLK County as the
place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff's resides at:
5 Cove Rd
Huntington, NY 11743

County of Suffolk

## To the above named Defendant(s)

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy
of your answer, of if the complaint is not served with this summons, to serve a notice of appearance
on the plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the
day of service, where service is made by delivery upon you personally within the state, or within 30
days after completion of service where service is made in any other manner. In case of your failure
to appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: Garden City, New York
      April 14, 2022

                         *David W. Brand*
                         DAVID W. BRAND, ESQ.
                         BRAND, GLICK & BRAND, P.C.
                         Attorneys for Plaintiff
                         600 Old Country Road, Suite 440
                         Garden City, NY 11530
                         (516) 746-3500
                         Our File #11660

TO:   QUELVIS ORLANDO SALAS-SANCHEZ
       14 Lois St
       Torrington, CT 06790

       E - J - D - N TRUCKING LLC
       6052 Tyler Pl - Apt. 16
       West NY, NJ 07093

Case 2:22-cv-03976-MKB-ARL   Document 2   Filed 07/07/22   Page 6 of 24 PageID #: 6
INDEX NO. 602310/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------------X

KYLE B. BOBLEY

        Plaintiff,

    -against-

QUELVIS ORLANDO SALAS-SANCHEZ and E - J - D - N
TRUCKING LLC

        Defendants.
----------------------------------------------------------------------X

**AMENDED VERIFIED
COMPLAINT**

Index No.: 602310/2022

Plaintiff, by his attorneys **BRAND, GLICK & BRAND**, as and for a cause of action alleges upon information and belief as follows:

1.    At all times herein mentioned, Plaintiff, **KYLE B. BOBLEY** was, and still is, a resident of the County of Suffolk, State of New York.

2.    At all times herein mentioned, defendant **QUELVIS ORLANDO SALAS-SANCHEZ**, was and still is a resident in the State of Connecticut.

3.    Upon information and belief, at all times hereinafter mentioned, defendant, **E - J - D - N TRUCKING LLC**, was and still is a proprietorship and/or partnership and/or business organization, duly organized and existing under and by virtue of the laws of the State of Jersey.

4.    At all times herein mentioned, defendant, **E - J - D - N TRUCKING LLC**, was and still is a domestic corporation, duly incorporated and existing under and by virtue of the laws of the State of New Jersey.

5.    At all times herein mentioned, defendant, **E - J - D - N TRUCKING LLC**, was and still is a foreign corporation, duly licensed to conduct business in the State of New York .

6.    1.    At all times herein mentioned, defendant, **E - J - D - N TRUCKING LLC**, was and still is a foreign corporation, transacting business in the State of New York .

7.    At all times herein mentioned, defendant E - J - D - N TRUCKING LLC, does and/or solicits business within the State of New York.

Case 2:22-cv-03876-MKB-ARL   Document 2   Filed 07/07/22   Page 7 of 24 PageID #: 2310/2022

RECEIVED NYSCEF: 04/14/2022

8.      At all times herein mentioned, defendant E - J - D - N TRUCKING LLC, Defendant, E - J - D - N TRUCKING LLC, derives substantial revenue from goods used or consumed or services rendered in the State of New York.

9.      At all times herein mentioned, defendant E - J - D - N TRUCKING LLC, Defendant, E - J - D - N TRUCKING LLC, expected or reasonably should have expected its acts and business activities to have consequences within the State of New York.

10.     At all times herein mentioned, defendant E - J - D - N TRUCKING LLC, Defendant, E - J - D - N TRUCKING LLC, derives substantial revenues from interstate or international commerce.

11.     Upon information and belief, at all times herein mentioned, and on July 12, 2021 Defendant, E - J - D - N TRUCKING LLC, was the owner of a certain 2013 Freightliner vehicle bearing NJ State registration number XFSL49 for the year 2021.

12.     At all times hereinafter mentioned, the defendant, QUELVIS ORLANDO SALAS-SANCHEZ, was an employee of the defendant, E - J - D - N TRUCKING LLC.

13.     At all times hereinafter mentioned, defendant, **QUELVIS ORLANDO SALAS-SANCHEZ**, operated the aforesaid 2013 Freightliner vehicle bearing NJ State registration number XFSL49 for the year 2021.

14.     At all times hereinafter mentioned, defendant, **QUELVIS ORLANDO SALAS-SANCHEZ**, operated the 2013 Freightliner vehicle bearing NJ State registration number XFSL49 for the year 2021 with the permission of defendant, **E - J - D - N TRUCKING LLC.**

15.     At all times hereinafter mentioned, defendant, **QUELVIS ORLANDO SALAS-SANCHEZ**, operated the aforementioned 2013 Freightliner vehicle bearing NJ State registration number XFSL49 for the year 2021 with the knowledge of the defendant **E - J - D - N TRUCKING LLC**

16.     At all times hereinafter mentioned, defendant, **QUELVIS ORLANDO SALAS-SANCHEZ**, operated the aforementioned 2013 Freightliner vehicle bearing NJ State registration

2

Case 2:23-cv-03976-MKB-ARL   Document 2   Filed 07/07/23   Page 8 of 24 PageID #: 10

number XFSL49 for the year 2021 with the consent of the defendant, **E - J - D - N TRUCKING LLC**

17.     At all times hereinafter mentioned, defendant **QUELVIS ORLANDO SALAS-SANCHEZ,** was operating the aforementioned 2013 Freightliner vehicle bearing NJ State registration number XFSL49 for the year 2021  in the course and scope of his employment with **E - J - D - N TRUCKING LLC**

18.     At all times hereinafter mentioned, defendant, **E - J - D - N TRUCKING LLC**, its agents, servants and/or employees managed the aforesaid 2013 Freightliner vehicle bearing NJ State registration number XFSL49 for the year 2021.

19.     At all times hereinafter mentioned, defendant, **QUELVIS ORLANDO SALAS-SANCHEZ,** managed the aforesaid 2013 Freightliner vehicle bearing NJ State registration number XFSL49 for the year 2021.

20.     At all times hereinafter mentioned, defendant, **E - J - D - N TRUCKING LLC** its agents, servants and/or employees maintained the aforesaid 2013 Freightliner vehicle bearing NJ State registration number XFSL49 for the year 2021.

21.     At all times hereinafter mentioned, defendant, **QUELVIS ORLANDO SALAS-SANCHEZ,** maintained the aforesaid 2013 Freightliner vehicle bearing NJ State registration number XFSL49 for the year 2021.

22.     At all times hereinafter mentioned, defendant, **E - J - D - N TRUCKING LLC**, its agents, servants and/or employees, controlled the aforesaid 2013 Freightliner vehicle bearing NJ State registration number XFSL49 for the year 2021.

23.     At all times hereinafter mentioned, defendant, **QUELVIS ORLANDO SALAS-SANCHEZ,** controlled the aforesaid 2013 Freightliner vehicle bearing NJ State registration number XFSL49 for the year 2021.

3

24. At all times hereinafter mentioned defendant, **E - J - D - N TRUCKING LLC**, its agents, servants and/or employees were the lessee of a 2013 Freightliner vehicle bearing NJ State registration number XFSL49 for the year 2021.

25. That at all times hereinafter mentioned, defendant, **E - J - D - N TRUCKING LLC**, was the lessor of a 2013 Freightliner vehicle bearing NJ State registration number XFSL49 for the year 2021.

26. At all times hereinafter mentioned, plaintiff, **KYLE B. BOBLEY** was the owner and operator of a 2021 Audi vehicle bearing New York State registration number KPF9579.

27. At all times hereinafter mentioned Underhill Boulevard at or near its intersection with Woodcrest Drive, in the County of Nassau, State of New York, were public roadways and/or thoroughfares.

28. That on July 12, 2021, defendant, **QUELVIS ORLANDO SALAS-SANCHEZ**, was operating the vehicle owned by defendant, **E - J - D - N TRUCKING LLC**, on the aforementioned location, in the County of Nassau, State of New York.

29. That on July 12, 2021, plaintiff, **KYLE B. BOBLEY** was operating his motor vehicle on the aforementioned location, in the County of Nassau, State of New York.

30. That on July 12, 2021, the motor vehicle operated by Defendant, **QUELVIS ORLANDO SALAS-SANCHEZ**, and owned by Defendant, **E - J - D - N TRUCKING LLC**, came into contact with the motor vehicle operated by Plaintiff, **KYLE B. BOBLEY** at the aforementioned location.

31. That as a result of the aforesaid contact, Plaintiff, **KYLE B. BOBLEY** was injured.

32. That as a result of the aforementioned the plaintiff was caused to sustain injuries.

33. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the defendants without any fault or negligence on the part of the plaintiff contributing thereto.

4

Case 2:22-cv-03976-MKB-ARL   Document 2   Filed 07/07/22   Page 10 of 24 PageID #: 63

34.     That defendants were negligent, careless and reckless, in the ownership, operation, management, maintenance, supervision and control of the aforesaid vehicle; in operating the aforesaid motor vehicle in such a  negligent, reckless, careless, grossly negligent, wanton and inherently reckless manner; in failing to keep the aforesaid motor vehicle under reasonable and proper control; in failing to operate the aforesaid motor vehicle with due regard for the safety of the public and others; in failing to keep a proper lookout, in failing to observe what was available to be observed; in failing to observe the plaintiff and/or plaintiff's motor vehicle; in failing to avoid contact with and yield the right of way to the plaintiff; in operating the aforesaid motor vehicle in a manner contrary to and in violation of the statutes, ordinances, rules and regulations in such cases made and provided; in failing to provide and/or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in failing to properly hire, supervise, train and/or control its employees, agents, officers and/or directors; in operating the aforesaid motor vehicle in such a negligent, careless, reckless wanton and grossly negligent manner as to precipitate the aforesaid accident; in failing to take defensive action; in failing to properly maintain and repair defendants' vehicle; in failing to warn of the approach of the aforesaid motor vehicle and the defendants were otherwise careless, reckless and negligent in the premises.

35.     That by reason of the foregoing, plaintiff, **KYLE B. BOBLEY** sustained severe and permanent personal injuries, became sick, sore, lame and disabled; suffered injuries to his nervous system; suffered mental anguish, was confined to hospital, bed and home and may, in the future, be so confined; was incapacitated from attending to his usual duties and vocation and may, in the future, be so incapacitated; will suffer a loss and/or limitation of quality and enjoyment of life; and plaintiff, KYLE B. BOBLEY was otherwise damaged.

36.     That plaintiff KYLE B. BOBLEY sustained serious injuries as defined in Subdivision d of §5102 of the Insurance Law-Recodification.

37.     That plaintiff KYLE B. BOBLEY sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law.

5

38.    That plaintiff KYLE B. BOBLEY is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

39.    That this action falls within one or more of the exceptions as set forth in CPLR §1602.

40.    That by reason of the foregoing, plaintiff KYLE B. BOBLEY has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff(s) demand(s) judgment against the Defendants herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action and disbursements of this action.

Dated:        Garden City, New York
              April 14, 2022

                                    Yours, etc.

                                    _David W. Brand_
                                    David W. Brand, ESQ.
                                    BRAND, GLICK & BRAND, P.C.
                                    Attorneys for Plaintiff
                                    600 Old Country Road, Suite 440
                                    Garden City, New York 11530
                                    (516) 746-3500
                                    Our File # 11660

6

### ATTORNEY'S VERIFICATION

DAVID W.BRAND, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at BRAND, GLICK & BRAND, attorneys of record for Plaintiff, KYLE B. BOBLEY.

I have read the annexed

### AMENDED **COMPLAINT**

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff(s) is that Plaintiff(s) is/are not presently in the county wherein the attorneys for the plaintiff(s) maintain their offices.

DATED: Garden City, New York
April 14, 2022

_David W. Brand_
DAVID W.BRAND, ESQ

7

Index No.: 602310/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

KYLE B. BOBLEY

                         Plaintiff,

      -against-

QUELVIS ORLANDO SALAS-SANCHEZ and E - J - D - N TRUCKING LLC

                         Defendant,

## AMENDED VERIFIED COMPLAINT

### BRAND, GLICK & BRAND, P.C.
Attorneys for Plaintiffs
600 Old Country Road, Suite 440
Garden City, New York 11530
(516) 746-3500

# EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------------X

KYLE B. BOBLEY,

                                 Plaintiff,

    -against-

QUELVIS ORLANDO SALAS-SANCHEZ and E-J-D-N
TRUCKING LLC,

                                Defendants.
-------------------------------------------------------------------------X

Index No.: 602310/2022

**VERIFIED ANSWER
TO AMENDED
<u>VERIFIED COMPLAINT</u>**

Defendants, QUELVIS ORLANDO SALAS-SANCHEZ and E-J-D-N TRUCKING LLC, by their attorneys, BONGIORNO, MONTIGLIO, MITCHELL & PALMIERI, PLLC, as and for its Verified Answer to plaintiff's Amended Verified Complaint alleges as follows upon information and belief:

       FIRST:       Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "1", "12" and "29" of the Amended Verified Complaint.

       SECOND:    Deny upon information and belief each and every allegation contained in paragraphs designated "3", "4", "5", "6", "7", "8", "9", "10", "18", "19", "20", "21", "22", "23", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39" and "40" of the Amended Verified Complaint and respectfully refers all questions of law to this Honorable Court.

       THIRD:      Deny upon information and belief each and every allegation contained in paragraph designated "11" of the Amended Verified Complaint and respectfully refers all questions of law to this Honorable Court except admit that upon information and belief, at all times herein mentioned, and on July 12, 2021, defendant, E-J-D-N TRUCKING LLC, was the registered

owner of a certain 2013 Freightliner vehicle bearing NJ State registration number XFSL49 for the year 2021.

FOURTH:     Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "17", "24", "25", "26" and "27" of the Amended Verified Complaint and respectfully refer all questions of law to this Honorable Court.

FIFTH:     Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "28" of the Amended Verified Complaint except admit that on July 12, 2021, defendant, QUELVIS ORLANDO SALAS-SANCHEZ, was operating the vehicle registered to defendant, E-J-D-N TRUCKING LLC, on the aforementioned location in the County of Nassau, State of New York.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SIXTH:     That the personal injuries and/or damages alleged to have been sustained by the plaintiff were caused entirely or in part through the culpable conduct of the plaintiff, without any negligence on the part of these answering defendants and these answering defendants seek a dismissal or reduction in any recovery that may be had by the plaintiff in the proportion which the culpable conduct, attributable to the plaintiff, bears to the entire measure of responsibility for the occurrence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SEVENTH:     Upon information and belief, the injuries and damages alleged were caused entirely or in part through the culpable conduct of persons other than these answering defendants and whom these answering defendants do not manage, control, direct, supervise or employ, and these answering defendants seek a dismissal or reduction in any recovery that may be had by the

plaintiff in proportion which the culpable conduct, attributable to these other persons, bears to the entire measure of responsibility for the occurrence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

EIGHTH:     That the plaintiff has failed to join a necessary party.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

NINTH:     That the Amended Verified Complaint fails to state a valid cause of action as against these defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TENTH:     The plaintiffs failed to act in mitigation of their alleged injuries.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

ELEVENTH:  Pursuant to CPLR 1603, these answering defendants assert the limitations contained in CPLR 1601 and 1602 and all rights contained therein.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWELFTH:   Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

THIRTEENTH:     If any damages are recoverable against said defendants, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

FOURTEENTH:          The accident described in the Amended Verified Complaint did not result in a "serious injury" to any plaintiff as so defined in Section 5012(d) of the Insurance Law of the State of New York.  By reason of the premises aforesaid, and as expressly provided in Section 5104 of the Insurance Law of the State of New York, plaintiff had and has no right to institute, maintain, or prosecute this action, and barred from doing so.

FIFTEENTH: The plaintiff did not sustain a serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York, and his/her exclusive remedy therefore, is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

SIXTEENTH:          If it be determined that the plaintiff failed to use available seatbelts, the answering defendants plead this fact in mitigation of damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

SEVENTEENTH:          That the plaintiff violated various Articles and Sections of Title VII of the Vehicle and Traffic Law of New York.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

EIGHTEENTH:          That the plaintiff assumed the risk related to activity causing the injuries sustained.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

NINETEENTH:          That upon information and belief the complained of condition was open, obvious and readily ascertainable.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

TWENTIETH:        Upon information and belief, the injuries and damages alleged by the plaintiff were caused by an intervening and/or superceding act of plaintiff or of some other person, persons or entity.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

TWENTY-FIRST:     That the plaintiff's alleged damages, if any, were caused in whole or in part by pre-existing medical and/or health conditions.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: In the event that the plaintiff recovers a verdict or judgment against these answering defendants, then said verdict or judgment must exclude or be reduced by those amounts which will, with reasonable certainty, replace or indemnify the plaintiff, in whole or in part, for any past or future medical costs, health care, life care or other economic loss or benefit that is offered or provided under, or in connection with, the Patient Protection and Affordable Care Act.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

TWENTY-THIRD:    To the extent that the plaintiff failed to obtain coverage available under the Affordable Care Act as an individual or as a family member, which he is eligible to obtain, then the plaintiff has failed to mitigate his damages and cannot recover for such failure.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: To the extent that the plaintiff has failed to take reasonable steps to protect himself from medical costs, health care of life care costs or to avail himself to the resources, service benefits and coverage available under the Affordable Care Act, then the plaintiff failed to mitigate his damages and cannot recover for such failure.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH:   With regard to plaintiff's failure to mitigate his damages, the defense will offer proof of the cost of premiums and out-of-pocket limits that were made available to the plaintiff under the Affordable Care Act, and will offer proof of the medical costs which the plaintiff would not incur under the Affordable Care Act.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH:   These answering defendants reserve their right to assert additional affirmative defenses and to amend, modify and/or supplement the above responses to the plaintiff's Complaint up to and including the time of the trial of this matter.

**WHEREFORE,** the defendants, QUELVIS ORLANDO SALAS-SANCHEZ and E-J-D-N TRUCKING LLC, demand judgment dismissing the plaintiff's Amended Verified Complaint on the merits; and if the plaintiff, KYLE B. BOBLEY, is found to have contributed to the accident or damages, that any damages be reduced in proportion to which the plaintiff may be found to have so contributed to the accident and damages together with the costs and disbursements of this action.

Dated: Mineola, New York
      May 27, 2022

By:                                     
ANGELO J. BONGIORNO, ESQ.
BONGIORNO, MONTIGLIO, MITCHELL &
PALMIERI, PLLC
Attorneys for Defendants
QUELVIS ORLANDO SALAS-SANCHEZ and
E-J-D-N TRUCKING LLC
200 Old Country Road, Suite 680
Mineola, New York  11501
(516) 620-4490
Our File No.:  SEDNS 031922 AJB

TO:    BRAND, GLICK & BRAND, P.C.
        Attorneys for Plaintiff

600 Old Country Road, Suite 440
Garden City, New York  11530
(516) 746-3500
File No:  11660

STATE OF NEW YORK)

                          : SS.:

COUNTY OF NASSAU)

        ANGELO J. BONGIORNO, being duly sworn, deposes and says:

        That he is a member of the law firm of BONGIORNO, MONTIGLIO, MITCHELL & PALMIERI, PLLC, the attorneys for the defendants, QUELVIS ORLANDO SALAS-SANCHEZ and E-J-D-N TRUCKING LLC, in the above entitled action; that he has read and knows the contents of the foregoing VERIFIED ANSWER TO AMENDED VERIFIED COMPLAINT and that same is true to his own knowledge, except as to those matters therein stated to be alleged on information and belief and that as to those matters he believes it to be true.

        Deponent further says that the grounds for his belief as to all matters therein stated upon information and belief are statements made to him by the defendant and papers and documents received by deponent from the defendant or its representative and which are now in his possession.

        Deponent further says that the reason why this verification is made by deponent and not by the defendant is that defendant is not within the County of Nassau, where deponent has his office.

ANGELO J. BONGIORNO

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK }

                      S. S. :

COUNTY OF NASSAU  }

    **JESSICA EBERLE**, being duly sworn, deposes and says that deponent is not a party to this action, is over 18 years of age and resides in Holbrook, New York.

    That on the 3ˢᵗ day of May 2022 deponent served the within ***VERIFIED ANSWER TO AMENDED VERIFIED COMPLAINT*** upon:

BRAND, GLICK & BRAND, P.C.
Attorney for Plaintiff
600 Old Country Road, Suite 440
Garden City, New York  11530
(516) 746-3500
File No.:  11660

by mailing true copy of same in a properly sealed envelope with postage prepaid therein and depositing same in an official depository under the exclusive care of the United States Postal Service within the State of New York, addressed to the last known addresses of the addressees as indicated above.

                                     JESSICA EBERLE

Sworn to before me this
3ˢᵗ day of May 2022

ALEXYS M. CARTER
Notary Public, State of New York
Registration #02CA6318681
Qualified in Nassau County
Commission Expires Feb. 2, 2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK                                    INDEX NO. 602310/2022

KYLE B. BOBLEY,

                                    Plaintiff,

                    -against-

QUELVIS ORLANDO SALAS-SANCHEZ and E-J-D-N TRUCKING LLC,

                                    Defendants.

VERIFIED ANSWER TO AMENDED VERIFIED COMPLAINT

 BONGIORNO,
MONTIGLIO,
MITCHELL &
PALMIERI, PLLC

Attorneys for Defendants
QUELVIS ORLANDO SALAS-SANCHEZ and E-J-D-N TRUCKING LLC
200 Old Country Road, Suite 680
Mineola, New York 11501
(516) 620-4490
File No.: SEDNS 031922 AJB

To:

Attorney(s) for

Service of a copy of the within                  is hereby admitted.

Dated:                                Attorneys for